IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY ANN WRIGHT, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:16-CV-610-K & |
| | § | 3:16-CV-619-K |
| | § | |
| | § | (3:14-CR-099-K-1) & |
| UNITED STATES OF AMERICA, | § | (3:14-CR-415-K-1) |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Mary Ann Wright, a federal prisoner, has moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct her sentence. *See* Dkt. No. 2. Because it plainly appears that Wright is not entitled to relief, for the reasons explained below, the Court **DISMISSES** her motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**Background**

Wright pleaded guilty to unlawful transfer, possession of a means of identification, *see United States v. Wright*, 3:14-CR-99-K (01) (N.D. Tex.), and to possession of stolen mail and aggravated identity theft, *see United States v. Wright*, 3:14-CR-415-K (01) (N.D. Tex.). As to all three convictions, the Court, on February 25, 2015, sentenced Wright to a total aggregate sentence of 84 months' incarceration, which consisted of concurrent 60-month sentences as to the conviction for unlawful transfer, possession of a means of identification and the conviction for possession of

stolen mail and a 24-month sentence as to the aggravated-identity-theft conviction, to run consecutively to the concurrent sentences. She did not file a direct appeal.

She instead has filed identical Section 2255 motions in both criminal cases in which she asserts that her

> grounds are that counsel wasn't forthright with me. The government charged all the mail to me although it wasn't (actual loss), knowing it wasn't mail I had stolen and never arrested me for it. I feel the threat of conspiracy was bogus to allow time to file more charges and because of such the accuracy to the offense level should reflect the inflation of the dollar amendment made Nov 1, 2015.

Dkt. No. 2 at 14; *see id.* (further explaining that she was told initially by the United States Marshal that she "was under investigation for conspiracy of stolen mail" and that later she was "told [she] was going to be charged with a conspiracy" but that "[t]he charge never came").

Attached to her motion to vacate is an email that Wright appears to have received on November 4, 2015 and which sets out "summaries of the key amendments [to the United States Sentencing Guidelines] that went into effect November 1, 2015." *See id.* at 16. The email notes that "[n]one of the amendments were made retroactive." *Id.*

**Legal Standard and Analysis**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears … that the moving party is not entitled to relief[.]"   *Id.*

Wright appears to contend that, because of an alleged delay in the disposition of her criminal actions, she should benefit from amendments to the sentencing guidelines made to account for the impact of economic inflation. Those amendments became effective November 1, 2015.

Under the 2014 guidelines, used to determine Wright's advisory guideline sentencing range, the total intended loss for guideline calculation purposes was $75,749.15. Because that loss amount exceeded $70,000 but was less than $120,000, eight levels were added to her base offense level. *See* USSG § 2B1.1(b)(1)(E) (2014). Under the current version of the sentencing guidelines, § 2B1.1(b)(1) has been amended to account for economic inflation. And if that version of the sentencing guidelines had been applied, Wright would have only received a six-level increase. *See* USSG § 2B1.1(b)(1)(D) (for loss amounts exceeding $40,000 but less than $95,000, increase by 6 levels).

As Wright makes clear in her motion to vacate, however, this amendment was not made retroactive – to cases like Wright's, in which the final criminal judgment is being attacked collaterally. And, because Wright's offenses of convictions were all committed in February 2014, the Court appropriately used the 2014 version of the sentencing guidelines. *See* USSG § 1B1.11(a).

More fundamentally, even if the Court's sentencing calculation was somehow incorrect – which it is not – an "attempt to challenge the court's sentencing calculation

3

is not a basis for a section 2255 proceeding." *Momin v. United States*, Nos. 3:07-CV-889-L & 3:04-CR-289-H, 2008 WL 1971390, at *1 (N.D. Tex. Apr. 30, 2008) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.")).

And to the extent that Wright is somehow challenging the intended loss amount used to calculate her eight-level enhancement – *see* Dkt. No. 2 at 14 ("The government charged all the mail to me although it wasn't (actual loss), knowing it wasn't mail I had stolen and never arrested me for it.") – such a challenge goes to the application of the sentencing guidelines, and, therefore, such a challenge is also not cognizable in a Section 2255 proceeding. *See United States v. Davis*, 8 F.3d 23, 1993 WL 456425, at *1 (5th Cir. Oct. 29, 1993) (per curiam) ("the calculation of the loss at the full market value of the homes" was among several "sentencing issues that should have also been presented on direct appeal and not for the first time in a § 2255 proceeding" (citing *United States v. Perez*, 952 F.2d 908, 910 (5th Cir. 1992))); *see also Moss v. United States*, Nos. 4:12-CV-398-A & 4:10-CR-34-A, at *2 (N.D. Tex. Sept. 28, 2012) ("Movant's second ground, that she should not have been held accountable for 'some of' the money attributed to her, also must fail. The government correctly points out that," a

challenge to "the sentencing calculation" "is not cognizable in a section 2255 motion. If she is challenging the loss calculation used in determining her guideline range, such a challenge fails." (citing *United States v. Sealer*, 37 F.3d 1131, 1134 (5th Cir. 1994))).

Finally, to the extent that Wright's conclusory assertion "that [her] counsel wasn't forthright with [her]," Dkt. No. 2 at 14, somehow alleges a Sixth Amendment violation, any claim that trial counsel provided constitutionally ineffective assistance also fails. Vague, self-serving, and conclusory allegations are insufficient to merit habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (bald assertions in *pro* se habeas petition have no probative evidentiary value); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

## Conclusion

For the foregoing reasons, "it plainly appears … that the moving party is not entitled to relief." RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 4(b). The Court therefore summarily **DISMISSES** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

SO ORDERED.

Signed March 13th, 2016.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE